# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE AARON, JR., | CASE NO. 1:08-cv-00664-AWI-WMW PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |
| v. | |
| S. CANO, et al., | |
| Defendants. | (Doc. 12) |
| | RESPONSE DUE WITHIN THIRTY DAYS |

Plaintiff George Aaron, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and was incarcerated at California State Prison in Corcoran, California ("CSP-Corcoran") and Avenal State Prison in Avenal, California ("ASP") when the events in his complaint took place. Plaintiff is suing under section 1983 for the violation of his rights under the First and Fourteenth Amendments. Plaintiff names S. Cano, L. Cano, and Bueno as defendants. For the reasons set forth below, Plaintiff will be given the opportunity to amend his complaint, or proceed only on the claims found cognizable by this order.

I.      **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Background

### A. Procedural Background

Plaintiff filed the original complaint in this action on May 5, 2008. (Doc. #1.) Plaintiff requested leave to file his First Amended Complaint on February 3, 2009. (Doc. #10.) Plaintiff requested leave to amend his complaint on his own initiative before the court had screened his original complaint. Plaintiff's motion was granted on February 10, 2009. (Doc. #11.) Plaintiff filed his First Amended Complaint on March 13, 2009. (Doc. #12.) This action proceeds on Plaintiff's First Amended Complaint.

### B. Factual Background

Plaintiff alleges that Defendants violated his First and Fourteenth Amendment rights by refusing to allow Plaintiff to interview fellow inmates who were potential witnesses in Plaintiff's civil lawsuit. These inmates apparently resided in a different penal institution. On January 25, 2005, Plaintiff filed a civil rights action in federal court. Plaintiff was aware of two inmates who were willing to testify on his behalf to support his claims. Plaintiff sought approval from Defendant S.

Cano to correspond with his potential witnesses. Defendant S. Cano told Plaintiff that CSP-Corcoran had a strict policy that prohibited inmate-to-inmate correspondence except for inmates who were immediate family members. Plaintiff's request to correspond with his potential witnesses was denied. Plaintiff's administrative appeals regarding the matter were either returned back to him or screened out. Plaintiff also submitted staff complaints regarding the incident. Plaintiff alleges that the staff complaints were improperly processed by Defendant L. Cano because Defendants L. Cano and S. Cano were somehow related to one another.

Plaintiff alleges that he was transferred to Avenal State Prison in retaliation for filing grievances. Plaintiff's request to correspond with his inmate witnesses was then reviewed by prison officials at Avenal State Prison. It is not clear whether Plaintiff's request was ultimately approved or denied.

Plaintiff alleges that he suffered injury from Defendants' actions because it "caused unreasonable delay in litigation, altering [the] course of the case which changed the final outcome." (Compl. 15.)

### III. Discussion

#### A. First Amendment Claims

##### 1. Retaliation

Plaintiff alleges that Defendants retaliated against him for filing grievances by transferring him from CSP-Corcoran to ASP. In the prison context, allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "[A] viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). An allegation of retaliation against a prisoner's First Amendment right to file a prison

///

grievance is sufficient to support a claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Plaintiff alleges that Defendants scheduled Plaintiff to be transferred from CSP-Corcoran to ASP on January 28, 2008. Defendants then granted Plaintiff's request to correspond with the two inmate witnesses on January 24, 2008 knowing that Plaintiff would not have time to exercise that privilege. Thus, Defendants were able to argue that Plaintiff's appeals regarding his requests to correspond with the two inmate witnesses were moot because they had granted the requests. Plaintiff thereby alleges that (1) prison officials took adverse action against Plaintiff in the form of a prison transfer and impeding Plaintiff's ability to correspond with potential witnesses in his civil rights action (2) because of (3) Plaintiff's protected civil rights litigation and (4) the action chilled the exercise of his First Amendment rights[1] and (5) the action did not reasonably advance a legitimate correctional goal.

It is not clear how Defendants S. Cano and Bueno were responsible for Plaintiff's transfer from CSP-Corcoran to ASP. Plaintiff has not alleged that Defendants S. Cano and Bueno caused the transfer to occur or otherwise participated in the transfer. Plaintiff's theory against Defendant L. Cano appears to be that Plaintiff filed an appeal regarding the retaliatory transfer and Defendant L. Cano rejected the appeal. Thus, Plaintiff put Defendant L. Cano on notice that the allegedly unconstitutional transfer was pending, Defendant L. Cano had the authority to prevent the transfer from happening, and Defendant L. Cano failed to prevent the transfer from happening. Therefore, Plaintiff states a cognizable claim for retaliation against Defendant L. Cano.

**2. Access to Courts**

Plaintiff alleges that Defendants interfered with his access to the courts by refusing to allow Plaintiff to correspond with inmate witnesses that were vital to his civil rights lawsuit. Prisoners have a constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995)

---

[1]Although Plaintiff does not specifically allege a chilling effect, the Ninth Circuit has suggested that alleging harm is sufficient "since harm that is more than minimal will almost always have a chilling effect." Rhodes v. Robinson, 408 F.3d 559, 568 n.11 (9th Cir. 2005).

4

(discussing the right in the context of prison grievance procedures); Vandelft v. Moses, 31 F.3d 794, 796 (9th Cir. 1994); Ching v. Lewis, 895 F.2d 608, 609 (9th Cir. 1989) (per curiam). To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived. See Lewis, 518 U.S. at 349. An "actual injury" is "'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'" Id. at 348.

Plaintiff has not alleged that he suffered an "actual injury" from Defendants' actions. Plaintiff states that Defendants "caused unreasonable delay in litigation". (Compl. 15.) Causing delay in litigation is not per se an "actual injury" for constitutional purposes. Los Angeles County Bar Ass'n v. Eu, 979 F.2d 697, 707 (9th Cir. 1992). Plaintiff has not alleged that the delay lead to "inaccurate decisions or ineffective relief" or that the delay deprived Plaintiff "of the ability to vindicate important rights." Id. Plaintiff only offers the vague allegation that Defendants' "alterr[ed] the] course of the case which changed the final outcome." (Compl. 15.) Plaintiff indicates that the case reached settlement sometime around April 23, 2008. (Compl. 1.) Plaintiff does not allege how the settlement was influenced by Defendants' actions in denying Plaintiff the ability to correspond with his potential witnesses. Therefore, Plaintiff fails to state a claim against Defendants for interfering with his access to the courts.

**B.      Fourteenth Amendment Claim - Due Process**

Plaintiff alleges that Defendants' conduct in processing his administrative appeals and staff complaints violated his due process rights. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty

///

interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Plaintiff fails to state a claim for a constitutional violation for Defendants' actions in denying, ignoring, or otherwise improperly handling Plaintiff's administrative appeals. Plaintiff has no liberty interest in the way his appeals are processed. Therefore, Plaintiff's allegations that Defendants did not follow prison regulations on how to process his appeals do not rise to the level of a constitutional violation.

## IV. Conclusion and Order

Plaintiff's complaint states cognizable claims against Defendant L. Cano for retaliating against Plaintiff's exercise of his First Amendment right to petition the government. Plaintiff's complaint fails to state claims against any other defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward Plaintiff one (1) summonses and one (1) USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . .",

6

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted), meaning Plaintiff must provide enough allegations in his complaint to demonstrate why he is entitled to the relief that he seeks.

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the Court in this order, or

    b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendant L. Cano for retaliation; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   May 7, 2009**              /s/ William M. Wunderlich
                                     UNITED STATES MAGISTRATE JUDGE