IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE AARON JR.,

      Plaintiff,                    1: 08 CV 00664 AWI YNP SMS (PC)

vs.                              ORDER

L. CANO, et al.,

      Defendants.

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983.

      On May 8, 2009, an order was entered, finding that the complaint stated a claim for relief against Defendant L. Cano for retaliating against Plaintiff's First Amendment right to petition the government. The Court noted that the complaint failed to state a claim against any other defendants. The order advised Plaintiff of the deficiencies in the complaint, and granted Plaintiff leave to amend the complaint. Specifically, Plaintiff was given the option to either file an amended complaint or proceed on the retaliation claim against L. Cano. Plaintiff was advised that should he choose the latter option, the Court would recommend dismissal of the remaining defendants.

      On May 20, 2009, Plaintiff advised the Court that he would like to proceed only the

cognizable claim.  Accordingly, on May 28, 2009, a the Court recommended dismissal of the remaining claims, and forwarded to Plaintiff the service documents for L. Cano.  On June 16, 2009, the Court directed service of process upon Defendant L. Cano.

On the same date, Plaintiff filed objections to the findings and recommendations. Plaintiff objections to "any recommendation or averments by the court which would foreclose future claims of first amendment violations chronologically and historically by the party(s) so named in the complaint which would categorically void the raising of those allegations in connection to defendants herenamed."

In the May 8, 2009, order dismissing the complaint, Plaintiff was advised that should he desire to correct the deficiencies noted, he should file an amended complaint.  If Plaintiff seeks to proceed on the original complaint, the claims against the remaining Defendants must be dismissed.  Should Plaintiff desire to proceed against the remaining Defendants, he should file an amended complaint that corrects the deficiencies noted in the May 8, 2009, order.

Plaintiff is cautioned that should he file an amended complaint, original complaint will no longer have any effect.  Since an amended complaint supersedes the original complaint, the May 8, 2009, order would be vacated. The Court would also vacate the June 16, 2009, order directing service.  Simply put, Plaintiff has two options.   Option one is to proceed on the original complaint.  Should Plaintiff choose this option, the May 28, 2009, recommendation of dismissal will be submitted to the District Court.  Since the original complaint states a claim against Defendant L. Cano only, the complaint will only proceed against that Defendant.   Option two is to file an amended complaint.  Should Plaintiff choose this option, the Court will vacate the June 16, 2009, order directing service of the complaint on Defendant Cano.  The Court will then begin the screening process anew and enter a screening order as to the amended complaint.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint

be complete in itself without reference to any prior pleading.  This is because, as a  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff is specifically advised that he may choose option one or option two.  Plaintiff may not proceed on the original complaint and attempt to correct the noted deficiencies.  Plaintiff may proceed on the original complaint as to Defendant L. Cano only, or start over again with a first amended complaint.

The Court will provide Plaintiff thirty days in which to advise the Court whether he intends to proceed with option one or option two.  Should Plaintiff fail to file a response to this order within thirty days, the May 28, 2009, recommendation will be submitted to the District Court, and this action will proceed on the original complaint against Defendant L. Cano.

Accordingly, IT IS HEREBY ORDERED that Plaintiff shall file, within thirty days of the date of service of this order, a response to this order, indicating whether he intends to file an amended complaint or proceed on the original complaint.

IT IS SO ORDERED.

**Dated:   August 21, 2009**              /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE

3