# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE AARON, JR., | CASE NO. 1:08-cv-00664-AWI-SKO PC |
| Plaintiff, | ORDER VACATING FINDINGS AND RECOMMENDATIONS |
| v. | (Doc. No. 15) |
| S. CANO, et al., | and |
| Defendants. | ORDER DENYING MOTION |
| | (Doc. No. 28) |

Plaintiff George Aaron, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.    Discussion**

    **A.    May 28, 2009 Findings and Recommendations**

On May 28, 2009, the Court issued findings and recommendations that recommended that certain claims from Plaintiff's complaint be dismissed. (Doc. #15.) Plaintiff filed objections to those findings and recommendations on June 16, 2009. (Doc. #21.)

The Court issued the findings and recommendations after it received notice from Plaintiff that he wished to proceed only on the claims found to be cognizable in the Court's May 8, 2009 screening order. (Docs. #13, 14.) Plaintiff was unaware that proceeding on the cognizable claims meant dismissal of the non-cognizable claims. The Court allowed Plaintiff to file an amended complaint to cure the deficiencies in his non-cognizable claims. Plaintiff filed his amended

complaint on October 21, 2009. (Doc. #26.) The Court will, therefore, vacate the May 28, 2009 findings and recommendations that recommended dismissal of those non-cognizable claims.

### B.  Plaintiff's January 14, 2010 Motion

On January 14, 2010, Plaintiff filed a motion requesting "Consideration or Omission of 8th Amendment Claim Alleged in First Amendment[sic] Complaint." (Doc. #28.) Plaintiff explains that he added a new Eighth Amendment claim in his amended complaint. Plaintiff notes that the Court's May 8, 2009 screening order warned Plaintiff not to add new, unrelated claims in his amended complaint. Plaintiff requests that the Court ignore or strike the Eighth Amendment claim raised in his amended complaint in order to avoid sanctions for Plaintiff's failure to obey the Court's order.

Rather than striking individual claims and sections from Plaintiff's complaint or requesting that Plaintiff to file a new amended complaint, the Court will screen Plaintiff's complaint at a later date. If Plaintiff's amended complaint improperly raises new claims, the Court will dismiss those improper claims. The Court will not sanction Plaintiff for raising a new and unrelated Eighth Amendment claim in his amended complaint.

### II.  Conclusion and Order

The Court finds that the May 28, 2009 findings and recommendations recommending dismissal of certain claims from Plaintiff's complaint should be vacated because Plaintiff elected to file an amended complaint that cured the deficiencies in those claims. Further, the Court will deny Plaintiff's request to strike portions of his amended complaint and will simply screen Plaintiff's complaint at a later date and dismiss any claims that were improperly raised.

Accordingly, it is HEREBY ORDERED that:

1.  The Court's May 28, 2009 Findings and Recommendations are VACATED; and
2.  Plaintiff's January 14, 2010 motion is DENIED.

IT IS SO ORDERED.

**Dated:   June 4, 2010**               /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE