# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE AARON, JR., | CASE NO. 1:08-cv-00664-AWI-SKO PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS |
| v. | |
| S. CANO, et al., | (Doc. 26) |
| Defendants. | OBJECTIONS DUE WITHIN 30 DAYS |

Plaintiff George Aaron, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff was incarcerated at Corcoran State Prison ("CSP") at the time of the events described below. Plaintiff is suing under Section 1983 for the violation of his rights under the First and Eighth Amendments. Plaintiff names S. Cano, I. Bueno, and L. Cano as defendants. For the reasons set forth below, the Court will recommend that Plaintiff's access-to-courts claims and Eighth Amendment claims be dismissed without leave to amend.

**I.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.   Background**

    **A.   Procedural Background**

Plaintiff filed the original complaint in this action on May 5, 2008. (Doc. 1.) Plaintiff requested leave to file his First Amended Complaint on February 3, 2009, before the court had screened his original complaint. (Doc. 10.) Plaintiff's motion was granted on February 10, 2009. (Doc. 11.) Plaintiff filed his First Amended Complaint on March 13, 2009. (Doc. 12.) On May 8, 2009, the court screened the complaint and ordered Plaintiff to file an amended complaint or provide notice of his willingness to proceed on those claims found to be cognizable. (Doc. 13.) On May 20, 2009, Plaintiff provided notice to the court of his willingness to proceed on his cognizable claims.

However, on June 16, 2009, Plaintiff filed objections to the court's Findings and Recommendations pertaining to his non-cognizable claims. (Doc. 21.) As a result, the court ordered Plaintiff to file a response indicating whether he intended to file an amended complaint or proceed

on those claims found to be cognizable in his First Amended Complaint. (Doc. 22.) On September 28, 2009, Plaintiff filed a document titled: Request to Supplement the Complaint. (Doc. 24.) On October 9, 2009, the court granted Plaintiff leave to file an amended complaint. (Doc. 25.) Plaintiff filed his Second Amended Complaint on October 21, 2009.[1] (Doc. 26.) This action proceeds on Plaintiff's Second Amended Complaint.

**B.     Factual Background**

Plaintiff was an inmate at CSP. On January 25, 2005, Plaintiff filed a separate Section 1983 action alleging deliberate indifference to medical needs. In that action, Plaintiff identified two potential witnesses should the case move to trial. These witnesses were apparently inmates at separate penal institutions. On June 16, 2007, Plaintiff submitted Request for Correspondence forms to Defendant S. Cano who denied Plaintiff's request. Plaintiff then filed an administrative appeal. On June 26, 2007, Defendant L. Cano returned the appeal to Plaintiff, with directions to seek an informal appeal, provide supporting documents, and resubmit his appeal to Defendant S. Cano.

Plaintiff maintains that he followed Defendant L. Cano's instructions but that the attachments disappeared and he could not obtain a reply from Defendant S. Cano. Subsequently, Plaintiff filed a staff complaint, alleging obstruction of Plaintiff's previous litigation. Plaintiff argues that Defendant L. Cano, again, rejected the appeal and deprived Plaintiff of an administrative remedy. Plaintiff noted that Defendant S. Cano was replaced by Defendant Bueno as his correctional counselor at this time. On August 14, 2007, Plaintiff maintains that he submitted another request for correspondence to Defendant Bueno, who also denied Plaintiff's request. Plaintiff alleges that Defendants do not have the discretion to deny his correspondence requests.

Plaintiff argues that he was forced to seek judicial review and filed a writ of habeas corpus with the Kings County Superior Court on August 30, 2007. Plaintiff alleges that Defendant Bueno retaliated against Plaintiff for his petition to the court and began taking steps to transfer him. Further, Plaintiff alleges that Defendant S. Cano acted in concert with Defendant Bueno to "chill

---

[1] Plaintiff titled the complaint as being his "First Amended Complaint" and it was so recorded on the docket. However, the Court notes that Plaintiff filed his First Amended Complaint on March 13, 2009. (Doc. 12.) Thus, the Court will refer to Plaintiff's complaint, filed on October 21, 2009, as his Second Amended Complaint.

Plaintiff's speech" by seeking his transfer. Second Am. Compl. ¶ 15. Plaintiff maintains that he would not have been transferred but for his legal actions with the court. On January 3, 2008, before Plaintiff's prison transfer, he filed a staff complaint against Defendants, alleging retaliation. Plaintiff alleges Defendant L. Cano improperly rejected the complaint. On January 28, 2008, Plaintiff was transferred to Avenal State Prison ("ASP"), a prison of less favorable circumstances, where Plaintiff could not be provided top pay, resulting in a loss of income. Plaintiff also alleges that he contracted an intestinal ailment that had recently spread throughout the prison.

Plaintiff's Correspondence Request was granted on January 24, 2008, via the Prison's Litigation Office. However, Plaintiff maintains that the consent was granted at CSP only. Plaintiff alleges that the request was granted at CSP so that Defendants could ask the court to deny Plaintiff's habeas action but continue to interfere with Plaintiff's communications after he was transferred to ASP.

**III.    Discussion**

  **A.  Access to the Courts**

It appears that Plaintiff alleges Defendants interfered with his access to the courts by refusing to allow Plaintiff to correspond with inmate witnesses in his unrelated civil rights lawsuit. Plaintiff repeatedly claims that Defendants inappropriately used their discretion to deny or interfere with Plaintiff's ability to correspond with these witnesses. Second Am. Compl. ¶¶ 3, 5,6, 8, 12. Prisoners have a constitutional right of access to the courts. *See* Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (discussing the right in the context of prison grievance procedures). To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury, a jurisdictional requirement that flows from the standing doctrine and may not be waived. *See* Lewis, 518 U.S. at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim. Id. at 348.

Plaintiff has not alleged that he suffered an "actual injury" from Defendants' actions. Plaintiff states that Defendants "intentionally interfered" with his litigation. Second Am. Compl. ¶¶ 3, 5, 6, 9. Interference with or delay of litigation does not state a per se "actual injury"

for constitutional purposes unless one can show that such interference lead to "actual injury" from a loss of a legal claim. *See* Lewis, 518 U.S. at 351; Los Angeles County Bar Ass'n v. Eu, 979 F.2d 697, 707 (9th Cir. 1992). Plaintiff has not alleged that the interference lead to "inaccurate decisions or ineffective relief" or that the delay deprived Plaintiff "of the ability to vindicate important rights." Los Angeles County Bar Ass'n, 979 F.2d at 707. Plaintiff does not allege that any type of actual injury resulted from Defendants' actions. Therefore, Plaintiff fails to state a claim against Defendants for interfering with his access to the courts.

The Court previously informed Plaintiff of the deficiencies in his access-to-courts claims. (Order Requiring Pl. Either To File Am. Compl. or Notify Court of Willingness to Proceed Only on Claims Found to be Cognizable 4:21-5:18, ECF No. 13.) Plaintiff has not amended his complaint in a way that meaningfully addresses the deficiencies previously identified by the Court. Accordingly, the Court will recommend that Plaintiff's access-to-courts claims be dismissed without leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend should be granted even if no request to amend was made unless the court determines that the pleading could not possibly be cured by the allegation of other facts); Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992)(dismissal with prejudice upheld where court had instructed plaintiff regarding deficiencies in prior order dismissing claim with leave to amend); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment).

### B. Retaliation

Plaintiff alleges Defendants retaliated against him in violation of the First Amendment. In the prison context, allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a Section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); *see also* Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "[A] viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

5

1 exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate
2 correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). An allegation of
3 retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to
4 support a claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

5    Generally, prisoners do not have an interest in avoiding transfer to another facility; however,
6 prisoners may not be transferred in retaliation for exercising their First Amendment rights. *See* Pratt,
7 65 F.3d at 806; Rizzo, 778 F.2d at 531. Such claims must be evaluated in light of the deference that
8 must be accorded to prison officials. *See* Pratt, 65 F.3d at 807; *see also* Vance v. Barrett, 345 F.3d
9 1083, 1093 (9th Cir. 2003). The prisoner must submit evidence to establish a link between the
10 exercise of constitutional rights and the allegedly retaliatory action. *Compare* Pratt, 65 F.3d at 807-
11 808 (finding insufficient evidence) *with* Valandingham, 866 F.2d at 1138-39 (9th Cir. 1989) (finding
12 sufficient evidence).

13    Plaintiff contends that Defendant Bueno and L. Cano, and S. Cano retaliated against Plaintiff
14 for filing a habeas petition in state court and for filing grievances complaining about being unable
15 to communicate with inmate-witnesses. Plaintiff contends that the transfer was adverse because the
16 new prison provided Plaintiff with less income and was overcrowded. The Court finds Plaintiff's
17 allegations to be sufficient at this stage in litigation to state a claim against Defendants Bueno and
18 L. Cano, and S. Cano for retaliation.

19    **C.    Eighth Amendment**

20    The Eighth Amendment prohibits the imposition of cruel and unusual punishments and
21 "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'"
22 Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir.
23 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1)
24 the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective
25 requirement that the prison official has a sufficiently culpable state of mind. Farmer v. Brennan, 511
26 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

27    The objective requirement that the deprivation be "sufficiently serious" is met where the
28 prison official's act or omission results in the denial of "the minimal civilized measure of life's

1  necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective
2  requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison
3  official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S.
4  at 302-303).

5       Plaintiff alleges that the prison he was transferred to was quarantined due to an outbreak of
6  a "gastro intestinal virus." Plaintiff claims that he was exposed to the virus after he was transferred
7  and became ill. However, Plaintiff has alleged no facts to support the conclusion that Defendants
8  Bueno, L. Cano or S. Cano acted with deliberate indifference. Plaintiff fails to allege any facts
9  demonstrating that Defendants knew that he would become ill if transferred to ASP. Further,
10 Plaintiff explicitly alleges he was not transferred until the quarantine was lifted. Plaintiff's allegation
11 effectively eliminates any inference that Defendants acted with deliberate indifference because the
12 allegation demonstrates that they made an effort to protect Plaintiff by waiting until the quarantine
13 was lifted. Thus, Plaintiff fails to state a claim for the violation of his Eighth Amendment rights.

14      Given Plaintiff's admission that Defendants made an effort to protect Plaintiff from the virus,
15 the Court finds that Plaintiff can allege no facts that would cure his Eighth Amendment claims. See
16 Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to
17 amend should be granted even if no request to amend was made unless the court determines that the
18 pleading could not possibly be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d
19 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless
20 it is absolutely clear that the deficiencies of the complaint could not be cured by amendment). The
21 Court will recommend that Plaintiff's Eighth Amendment claim be dismissed without leave to
22 amend.

23 **IV.     Conclusion and Recommendation**

24      Plaintiff's complaint states cognizable claims against Defendants Bueno, L. Cano, and S.
25 Cano for retaliating against Plaintiff's exercise of his First Amendment rights. However, Plaintiff
26 does not state cognizable claims for interferences with his constitutional right of access to the courts
27 or for deliberate indifference in violation of the Eighth Amendment. Plaintiff was provided with the
28 opportunity to amend and his amended complaint failed to remedy the deficiencies with his access-

to-courts claims. The court finds that the deficiencies with Plaintiff's access-to-courts claims and Eighth Amendment claims are not curable by further amendment of his complaint.

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's amended complaint, filed on October 21, 2009, against Defendants Bueno and L. Cano, and S. Cano for retaliation against Plaintiff's exercise of his First Amendment rights; and

2. Plaintiff's access-to-courts claims and Eighth Amendment claims be dismissed for failure to state a claim

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    July 28, 2010**              /s/ Sheila K. Oberto
                                  UNITED STATES MAGISTRATE JUDGE